ORIGINAL

Vandyke Johnson
Plaintiff Pro – Se
520 West 158th Street
Apt 6D
New York, New York 10032
teknoman24@gmail.com

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

VANDYKE JOHNSON,

        Plaintiff,

vs.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY; PORT AUTHORITY
POLICE DEPARTMENT; PORT AUTHORITY
POLICE OFFICER DARBY, TAX I.D. 0453440,
in his individual and official capacity;
CITY OF NEW YORK; RICHARD A. BROWN,
QUEENS COUNTY DISTRICT ATTORNEY,
in his official capacity;
ASSISTANT DISTRICT ATTORNEY, MALINI,
in her individual and official capacity;
AND NEW YORK CITY
DEPARTMENT OF CORRECTIONS;

        Defendant(s).

CV 15 5226

COGAN, J.

JURY TRIAL DEMANDED

42 U.S.C. § 1983
COMPLAINT FOR FALSE ARREST
AND MALICIOUS PROSECUTION
UNDER THE 4TH AMENDMENT;
VIOLATION OF PLAINTIFF'S
14TH AMENDMENT RIGHTS;
FALSE ARREST AND FALSE
IMPRISONMENT UNDER
NEW YORK STATE LAW;
NEGLIGENCE; FAILURE TO
TRAIN; FAILURE TO SUPERVISE;
DELIBERATE INDIFFERENCE

The Plaintiff, Pro – Se, Vandyke Johnson, residing in the State of New York, at 520 West 158th Street, Apt. 6D, New York, New York 10032, say by way of complaint:

1

## JURISDICTION AND VENUE

1. This is a civil rights action seeking damages against the Defendant(s), **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** (herein "PANY/NJ"); **PORT AUTHORITY POLICE DEPARTMENT** (herein "PAPD"); **PORT AUTHORITY POLICE OFFICER DARBY**, TAX I.D. NO. 0453440 (herein "P.O. DARBY"); the **CITY OF NEW YORK; RICHARD A. BROWN, DISTRICT ATTORNEY FOR THE COUNTY OF QUEENS** (herein D.A. BROWN); **ASSISTANT DISTRICT ATTORNEY MALINI, A.D.A. FOR THE COUNTY OF QUEENS** (herein A.D.A. Malini); and the **NEW YORK DEPARTMENT OF CORRECTION**, (herein "N.Y.C.D.O.C."), who are all employed and reside in the State of New York, for committing acts under color of law, which deprived the Plaintiff's rights that is secured under New York State Law and the United States Constitution. This Court have jurisdiction of this action under 28 U.S.C. § 1331 & 28 U.S.C. § 1343(a) (3), (4).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

**PLAINTIFF**

3. The Plaintiff, Pro – Se, Vandyke Johnson (herein "Plaintiff") is a citizen of the United States and resides in the State of New York. The place of residence of the Plaintiff is 520 West 158th Street, Apt 6D, New York, NY 10032

**DEFENDANTS**

4.      The Defendant(s) **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** (herein "PANY/NJ) is a joint venture between the states of New York and New Jersey and authorized by the United States Congress, established in 1921 through an interstate compact. The Port Authority is headquartered at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007.

5.      The Defendant(s) **PORT AUTHORITY POLICE DEPARTMENT** (herein "PAPD") is an agency of the PANY/NJ. The agency headquarters is in Jersey City and safeguards the bridges, tunnels, and airports between New York and New Jersey. The incident with the Plaintiff took place at John F. Kennedy Airport, Jamaica, New York 11430, on the 15th day of April 2015, between the time of 6:00 and 6:30pm.

6.      The Defendant(s), **PORT AUTHORITY POLICE OFFICER DORBY, TAX I.D. NO. 0453440** (herein "P.O. Dorby") is a Police Officer, employed with the Port Authority Police Department agency, and is stationed at the John F. Kennedy terminal located at Jamaica, New York. On the date of the incident, P.O. Dorby was involved in the false arrest of the Plaintiff, on the 15th day of April 2015.

7.      The Defendant(s) **RICHARD A. BROWN** (herein D.A. Brown) is the elected Queens District Attorney for Queens County, New York since 1991. He is the policy maker and he is in charge of complying with local, state, and Federal laws, training of Assistant District Attorneys to be in compliance with the laws and discipline of the Assistant District Attorney's.

8.      The Defendant(s) **ASSISTANT DISTRICT ATTORNEY MALINI (OR MALLINI)** (herein A.D.A. Malini or Mallini) is employee within the Office of the Queens

3

D.A. Brown. A.D.A Malini or Mallini was the prosecutor of the Plaintiff's case during the time of the false arrest and false imprisonment of the Plaintiff on the 15th day of April 2015.

9. The Defendant(s) **NEW YORK CITY DEPARTMENT OF CORRECTIONS** (herein N.Y.C.D.O.C.) is the branch of the municipal government of New York City and responsible for the confinement of New York City's inmates. They are peace officers defined in the State of New York and responsible for the false imprisonment of the Plaintiff on the 15th day of April 2015.

10. The Defendant(s) **CITY OF NEW YORK**, is the chief policy maker for the agency, NYC D.O.C., county of Queens, and is responsible with the protection of citizens within the City of New York and enforcement of New York local laws, State of New York constitutional laws, and Federal laws.

## NOTICE OF CLAIM

11. Plaintiff filed a timely Notice of Claim against the PANY/NJ; P.A.P.D.; and Port Authority P.O. DORBY on the 29th day of April 2015. The Claim was filed within 60 days of the New York State Unconsolidated Law § 7101 and § 7808.

12. Plaintiff filed a timely Notice of Claim against D.A. BROWN; A.D.A. MALINI OR MALLINI; N.Y.C.D.O.C.; and THE CITY OF NEW YORK on the 26th day of May 2015. At the present time, the City of New York Defendant(s) did not request a hearing with the Plaintiff as required by the 50 H hearing of Municipal Law.

## STATEMENT OF FACTS

13.     Plaintiff, Vandyke Johnson, was returning from vacationing on the island of Dominican Republic on April 15, 2015. Plaintiff was going through the security check process being run by the United States Customs at John F. Kennedy Airport in Jamaica, Queens NY. After checking in with the computer process, Plaintiff received an "X" across the security check in ticket form. Plaintiff was directed to take the ticket and follow the line to a U.S. Custom officer on duty. The U.S. Custom then checked the Plaintiff's name through the computer system and Plaintiff was then directed to follow another officer into the U.S. Custom. The U.S. Custom officer took the Plaintiff's passport and led the Plaintiff into an office at J.F.K. Airport to conduct a further investigation.

14.     Plaintiff was informed by the U.S. Custom agent that it there was an arrest warrant in the State of New Jersey, issued on the 15th day of November 2013, by Hudson County. Plaintiff informed the U.S. Custom agent that the warrant can't be true because the Plaintiff has no further business in New Jersey. Plaintiff then asked the U.S. Custom officer for a phone call and the U.S. Custom agent allowed the Plaintiff to make a phone call. Plaintiff called his former attorney, James R. Lisa, whose office is at 618 Newark Ave, Jersey City, N.J. 07306, and informed Mr. Lisa of the arrest warrant. Mr. Lisa then asked to speak with the U.S. Custom officer. The Plaintiff handed over the phone to the U.S. Custom Officer and both spoke to each other over the phone.

15.     The U.S. Custom officer was made aware from the Plaintiff's attorney in the State of New Jersey that the warrant is invalid and that the Plaintiff did not have further business in the State of New Jersey because the Plaintiff did not commit a crime, violate probation, or ran from a sentence, therefore, no probable cause. After the 20 minute telephone

conversation ended with the Plaintiff's attorney in the State of New Jersey, the U.S. Custom officer performed a further investigation and informed the Plaintiff that there seems to be a mistake in issuing the warrant. The U.S. Custom officer then proceeded to contact the Port Authority Police Department at J.F.K. airport, to find out what is the decision of the Port Authority Police Department. The P.A.P.D. was made aware by the U.S. Custom officer that arrest warrant from the State of New Jersey appears to be invalid or have to be mistaken because the Plaintiff did not commit a crime, was not on probation, and did not flee from justice.

16. P.O. Dorby was accompanied by a Sergeant on duty at or around 11:30pm and despite having this information, decided to bring the Plaintiff in on the invalid warrant. P.O. Dorby and the Sergeant asked the Plaintiff about the arrest warrant, Plaintiff replied that they received information about the arrest warrant from the State of New Jersey being invalid by the U.S. Customs officer and Officer Dorby did not have probable cause for an arrest. Nevertheless, the Plaintiff was placed in handcuffs by P.O. Dorby, given a "perp walk" through the John F. Kennedy airport, and sat in back police car without the Plaintiff's consent. Plaintiff was then brought to P.A.P.D. police station at J.F.K. airport. At the Police Station, the Plaintiff had to remove his shoe laces; the draw string from the Plaintiff's sweat pants was forcibly cut by P.O. Dorby, and was placed in a cell. About an hour or 2 being placed in the cell at P.A.P.D., the Plaintiff was photographed and fingerprinted.

17. After P.O. Dorby processed the Plaintiff, Plaintiff was then transported to Queens Central Bookings. The Plaintiff was then, photographed again at the Queens Central Bookings and taken into a cell. The next day, on April 16, 2015, Plaintiff contacted his attorney in the State of New Jersey, Mr. Lisa at or around 9am. The attorney informed the

Plaintiff that he is on his way to the court in Jersey City on that morning and to have the Court dismiss the invalid warrant. The Judge in Hudson County, New Jersey, Judge Paul M. de Pascale had withdrawn the arrest warrant on the 16th day of April 2015 at or around 11am. Mr. Lisa faxed the information to A.D.A. Malini (or Mallini) immediately to have the Plaintiff released from confinement. More than 5 hours passed after Mr. Lisa faxed the information to the Office of the Queens District Attorney, specifically, A.D.A. Malini. Plaintiff telephone Mr. Lisa to find out the problem. Mr. Lisa informed the Plaintiff, that he faxed the information to A.D.A. Malini. For reasons unknown, the Plaintiff asked a guard about the whereabouts of A.D.A. Malini and/or the faxed information to release the Plaintiff from confinement. The corrections guard informed the Plaintiff that there was no fax and A.D.A. Malini was gone for the day. The Plaintiff spent an extra day in confinement after the arrest warrant was withdrawn in the State of New Jersey.

18.     On the 17th day of April 2015, the Clerk of the Queens Court called the Plaintiff by name and talked briefly with the Plaintiff. It was only then that information was faxed again but this time to the Queens Supreme Courthouse to the Clerk of the Court, which the Plaintiff was able to be released from confinement. If the Clerk of the Court did not seek out for the Plaintiff, Plaintiff would have endured a longer nightmare in the system. Plaintiff's arraignment charge under C.P.L. 570.06 was dismissed and seal pursuant to Section 160.50 of Criminal Procedure Law. Plaintiff now initiates this federal civil rights lawsuit.

## FIRST CAUSE OF ACTION

## FALSE ARREST, MALICIOUS PROSECUTION, VIOLATION OF 14TH AMENDMENT, AND NEGLIGENCE
## (AGAINST P.O. DORBY AND A.D.A. MALINI)

19.    Plaintiff repeats and re-alleges each and every allegation in paragraph 1 through 18 set forth fully herein.

20.    P.A.P.D. Officer Dorby and A.D.A. individually violated the Plaintiff's New York State constitutional rights protected by Article I § 12, and under the 4th Amendment of the United States Constitution. P.O. Dorby was aware the warrant was invalid from the State of New Jersey and without probable cause because the Plaintiff did not commit a crime, was not on probation, and did not flee from justice. P.O. Dorby did not have probable cause. Under the color of law, P.O. Dorby arrested the Plaintiff for a crime he did not commit.

21.    A.D.A. Malini (or Mallini) had an obligation as an officer of the court to turn over Brady material. Once the arrest warrant was withdrawn, A.D.A. Malini did not have probable cause to continue the case against the Plaintiff and purposely lost court paper work via fax because there was no case against the Plaintiff anymore. A.D.A. Malini was aware of keeping the Plaintiff longer in confinement, which amounts to violation of the Plaintiff's 14th Amendment rights that is protected by Federal Law.

22.    Defendant(s) Officer Dorby and A.D.A. Malini committed the foregoing state and federal violations of Plaintiff's rights by knowingly, intentionally, willfully, recklessly with negligence, and/or with deliberate indifference to the Plaintiff's State and Federal Constitutional Rights or to the effect of such misconduct upon Plaintiff's Constitutional Rights.

23. By reason of the forgoing, the Defendants are liable for false arrest, malicious prosecution and violation of the Plaintiff's 14th Amendment rights and negligence, to the Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## SECOND CAUSE OF ACTION

### FALSE IMPRISONMENT AND NEGLIGENCE
### (AGAINST NYC D.O.C.)

24. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23 set forth fully herein.

25. New York City Department of Corrections was aware the Plaintiff did not have any outstanding fugitive warrant.

26. NYC D.O.C. was aware that there were no court cases against the Plaintiff and the confinement was illegal on an invalid warrant without probable cause.

27. By reason of the foregoing, the Defendants are liable to the Plaintiff false imprisonment and negligence pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## THIRD CAUSE OF ACTION

### FAILURE TO TRAIN AND NEGLIGENCE
### (AGAINST PORT AUTHORITY POLICE DEPARTMENT
### AND D.A. RICHARD A. BROWN)

28. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-27 set forth fully herein.

29. Port Authority Police Department is responsible for training their Police Officers and dealing with situations involving warrants.

30. P.A.P.D. was aware the arrest warrant was sworn with false information and could not arrest the Plaintiff. P.A.P.D. was aware of arrested the Plaintiff with an invalid warrant.

31. P.A.P.D. was aware that Officer Dorby filed a false report stating that the Plaintiff was a fugitive from justice but did not discipline the officer at all.

32. D.A. Richard A. Brown is a policy maker for the Queens County District Attorney's office.

33. Queens County District Attorney Office is responsible for training and the continuing training of the Assistant District Attorneys, especially turning over exculpatory evidence or *Brady* material.

34. By "losing" the fax paperwork that exonerated the Plaintiff of any wrongdoing, A.D.A. Malini, who D.A. Richard A. Brown is responsible for the training of this particular Assistant District Attorney, purposely lost paperwork to delay the release from confinement and justice for the Plaintiff to her own personal means and not within her duties as prosecutors.

35. By reason of the foregoing, the Defendants are liable to the Plaintiff for Failure to Train their employee(s) and Negligence, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

**FOURTH CAUSE OF ACTION**

**DELIBERATE INDIFFENCE AND NEGLIGENCE
(AGAINST PANY/NJ AND CITY OF NEW YORK)**

36. Plaintiff repeats and re-alleges each and every allegation from paragraphs 1-35 set forth fully herein

37. PANY/NJ as the chief policy maker of the P.A.P.D. was aware the risk of arresting the Plaintiff and confining the Plaintiff on an invalid warrant and without probable cause, but chose not to remedy the situation. PANY/NJ was deliberate indifferent and negligent to the Plaintiff's constitutional State and Federal Rights

38. Because of PANY/NJ ignorance of the officer's and P.A.P.D. actions, Plaintiff endured an embarrassing episode of being "perp walked", arrested, fingerprinted, photo taken, and confinement.

39. The City of New York is responsible for Queens County and is the policy maker. The City of New York was aware of the actions of A.D.A. Malini and New York City Department of Corrections.

40. The City of New York was aware of the false arrest of the Plaintiff, the confinement of the Plaintiff by the Defendant NYC D.O.C., the purposely or negligently lost paperwork caused by A.D.A. Malini, the Defendant, and the release of the Plaintiff.

41. By reason of the foregoing, the Defendants are liable to the Plaintiff by Deliberate Indifference and Negligence, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## **PLAINTIFF'S INJURIES AND DAMAGES**

As a direct, proximate, and reasonably foreseeable consequence of the aforementioned actions by the defendants, plaintiff:

      a) Was denied his state and federal constitutional rights and liberties;

      b) Suffered permanent mental and emotional injuries as well as temporary physical injuries caused by the defendants;

c) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation.

## JURY TRIAL DEMANDED

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a. For compensatory damages in an amount to be $10,000,000;

b. For punitive damages against the individual Defendants in an amount to be $1,000,000;

c. For pre-judgment interest as allowed by law; and

d. For such other and further relief as this Court may deem just and proper.

**I declare under the penalty of perjury that the foregoing is true and correct**

State of New York
County of New York

Sworn to and before me
This 8th day of September 2015

_____
NOTARY PUBLIC

FRANKIE ALMANZAR
Notary Public, State of New York
Reg. No. 04AL6287906
Qualified in New York County
Commission Expires Sept. 9, 20 17

_____
VANDYKE JOHNSON

12