UNITED STATES DISTRICT COURT                                         C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
VANDYKE JOHNSON,                                            :
                                                            :  **MEMORANDUM**
                                    Plaintiff,              :  **DECISION AND ORDER**
                                                            :
                  - against -                               :  15 Civ. 5226 (BMC)(LB)
                                                            :
POLICE OFFICER DARBY, Tax I.D. 0453440,                     :
in His Individual and Official Capacity,                    :
                                                            :
                                    Defendant.              :
----------------------------------------------------------- X

**COGAN**, District Judge.

The issue raised in this false arrest case under 42 U.S.C. § 1983 is whether a police officer has a duty of inquiry when his database shows a valid, outstanding warrant against an individual and the individual's lawyer advises the police officer that the warrant is in fact issued by mistake or without probable cause and will shortly be vacated. I hold that the police officer does not have to accept the lawyer's word, nor does he have to investigate the circumstances pursuant to which the warrant was issued, before effecting the arrest. I therefore grant defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF COMPLAINT

Plaintiff's *pro se* complaint alleges that when returning through United States Customs at JFK Airport, he was taken aside and advised by a Customs Agent that he had an outstanding warrant in the State of New Jersey. Plaintiff protested that "the warrant can't be true because the Plaintiff had no further business in New Jersey." Plaintiff requested permission to contact his attorney, and the Customs Agent permitted him to telephone his attorney. Plaintiff 's attorney

advised the Customs Agent on the telephone that plaintiff "did not commit a crime, violate probation, or ran [sic] from a sentence, therefore, no probable cause" existed for the warrant. The Customs Agent "performed a further investigation" and informed plaintiff "that there seems to be a mistake in issuing the warrant," but that the decision on whether to execute the warrant was up to the Port Authority Police Department.

The Customs Agent then reached Defendant Port Authority Police Officer Dobry (misnamed as "Darby" in the caption) and advised him that the warrant "appears to be invalid or mistaken" for the reasons stated by plaintiff's attorney. Officer Dobry and a Sergeant asked plaintiff about the warrant and plaintiff repeated that which his lawyer and the Customs Agent had advised, that the warrant was invalid because it was not supported by probable cause. Nevertheless, Dobry arrested plaintiff pursuant to the warrant. There are no further allegations against Dobry in the case.

Plaintiff was taken to Queens County Supreme Court and held overnight. The next day, plaintiff's lawyer went before a judge in New Jersey who vacated the warrant. Despite faxing the vacatur order to the Queens District Attorney moments after it was issued, plaintiff was not released until the day after that.

Plaintiff's complaint asserted four claims for relief: (1) against Dobry and the assigned Queens County prosecutor, for false arrest, malicious prosecution, violation of the 14th Amendment, and negligence; (2) against the New York City Department of Corrections, for false imprisonment and negligence; (3) against the Port Authority Police Department and District Attorney Richard A. Brown, for failure to train and negligence; and (4) against the Port Authority of New York and New Jersey, and the City of New York, for "deliberate indifference" and negligence." By Order dated September 17, 2015, pursuant to 28 U.S.C. § 1915, this Court

*sua sponte* (1) dismissed the claims against District Attorney Brown for lack of personal involvement; (2) dismissed the claims against the New York City Department of Correction as it is a non-juridical entity that cannot be sued; (3) dismissed the claims against the Port Authority and Port Authority Police Department for lack of *respondeat superior* liability; and (4) dismissed the claims against the City of New York for failure to adequately plead a claim under Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). The Court thus allowed only the claims against Dobry to continue.

Dobry has moved to dismiss those claims. He asserts that the warrant constitutes probable cause for plaintiff's arrest, or at least, he is entitled to qualified immunity for thinking that it did.

**DISCUSSION**

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and I am required to read the plaintiff's *pro se* complaint liberally, interpreting it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)), aff'd, __ U.S. __, 133 S. Ct. 1659 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in

addition to those required by [Federal] Rule [of Civil Procedure] 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). Nevertheless, the plausibility standard does impose some burden to assert factual allegations supporting a claim for relief. As the Iqbal Court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S. Ct. at 1949 (internal quotation marks omitted).

Although plaintiff's complaint is vague as to what plaintiff's attorney told the Customs Agent about the warrant, or what the Customs Agent told Dobry about the warrant, or even what plaintiff told Dobry about the warrant, this is not a case where plaintiff's claim could be made more plausible through additional detail. Plaintiff concedes there was a warrant. He calls it "invalid," but that is conclusory; it wasn't invalid until a New Jersey judge said it was invalid, and that wasn't until the day after he was arrested. Instead, plaintiff's claim is that since his attorney told the Customs Agent and plaintiff told Dobry that the warrant was "invalid", and the Customs Agent believed him, Dobry should have believed his attorney (and plaintiff) too, or, most generously read, done further research into it before arresting plaintiff.

But that is not the law. Under the Fourth Amendment, when a warrant appears regular on its face, it constitutes probable cause for arrest. See T.L. Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689 (1979). Again, plaintiff is vague about what he means by "invalid," but it is clear from other allegations that he is not referring to any facial deficiency in the warrant, for he alleges that he "had no further business in New Jersey", it was issued "without probable cause," and he "didn't commit a crime." What he is alleging is that the issuance of the warrant was a mistake, factually or legally. The circumstances implicit in his allegations make this clear – the Customs Agent wasn't looking at the original form of the warrant, because Customs wasn't the issuing

4

agency. He had to be looking at a database report of it. The same is true of Dobry and the Port Authority Police Department, because they weren't the issuing authority either. And it is confirmed by the fact that plaintiff's lawyer had to go to Court in New Jersey the next day and have the warrant vacated.

Thus, plaintiff's own allegations run him squarely into cases like <u>T.L. Baker</u>. There, the plaintiff's brother forged the plaintiff's driver's license, but with his own picture, and was arrested for narcotics charges. After he had been released on bail, an arrest warrant was issued, but of course it was issued against the plaintiff because that's who the police thought they were dealing with. The plaintiff was arrested and mistakenly held in jail for three days during which vociferously protested that a mistake had been made. Nevertheless, the Supreme Court ordered dismissal of the plaintiff's false arrest action under §1983, even though state law would have recognized such a claim:

> Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution. Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment.

443 U.S. at 144, 99 S. Ct. at 2694.

Plaintiff is therefore correct that an "invalid" warrant is insufficient to create probable cause, but "invalid" in this context does not mean that the warrant was not based on probable cause (unless, of course, the officer executing the warrant has personal knowledge of the absence of probable cause, because he falsified the evidence in the affidavit supporting the warrant, <u>see e.g.</u> <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870-71 (2d Cir. 1991)). Nor does "invalid" in this context mean that the suspect or his lawyer or anyone else (except, perhaps, the issuing judge, if the arresting officer has personal knowledge that the declarant is the issuing judge) tells

5

the arresting officer that the warrant is invalid, or a mistake, or not supported by probable cause. Rather, invalidity in this context must mean that a reasonable police officer can look at the face of the warrant and see that it cannot be enforceable – like a warrant signed by Judge Santa Claus, or issued out of the Supreme Court of Heaven.

Nothing like that happened here. Dobry was a stranger to this warrant, and there could not have been anything wrong with it facially. Other than the advice from himself and his lawyer, and perhaps the concurring opinion of the Customs Officer, plaintiff points to nothing that should or could have tipped off Dobry that something was amiss with this warrant, and it is not possible based on his allegations that there could have been. Plaintiff came through Customs at JFK and his name popped up on a warrant list. There was no facial irregularity to which anyone could point. Plaintiff's complaint is simply that Dobry didn't listen to his protests.

Dobry had the choice of either taking plaintiff and his lawyer's word for it and letting someone who was documented as wanted for a crime go free, or arresting plaintiff and letting a judge sort it out in the morning. The Fourth Amendment did not require the former choice, as the facially valid report of a warrant constituted probable cause.

## CONCLUSION

Defendant's motion to dismiss is granted. The Clerk is directed to enter judgment.

**SO ORDERED.**

                                                                                                               U.S.D.J.

Dated: Brooklyn, New York
       October 23, 2015